## JOHN W. KINNEAR and THOMAS A. WILLIS *vs.* PATRICK LEE and PATRICK REYNOLDS.

*Sales of Real Estate under Magistrates' judgments— Right of Appeal from an order of the Court below, ratifying or vacating such Sales—Act of* 1831, *ch.* 290—*Jurisdiction of the Courts of Appeals.*

In exercising the power of confirming or vacating sales of real estate on executions upon magistrates' judgments, conferred by the Act of 1831, ch. 290, the Courts do not proceed according to the forms of the common law, or under their usual and general jurisdiction, but in the exercise of a special statutory authority to be strictly followed; and from their judgments, in such cases, no appeal is provided.

But where an inferior Court assumes jurisdiction, or where an order on its face appears to be partly within and partly beyond the scope of the Court's authority, an appeal lies, and the judgment thus unwarrantably pronounced, must be reversed.

A constable's return stated that he had sold certain real estate to A, he being the highest bidder therefor. B excepted to the sale on the ground that he was the highest bidder at the sale, but his bid was not excepted. The Superior Court of Baltimore City passed an order sustaining the exceptions and directed "*the exceptant to pay the amount of the purchase money, with interest and the costs of these proceedings.*" HELD:

1st. That such an order clearly transcends the limits of the authority conferred by the statute under which the Court was acting.

2d. That all the power the Court had over the sale, was simply to confirm it as returned, or set it aside.

3d. That the Court had no power to adjudicate which of the bidders at the sale should be returned as purchaser, or to hold the sale good, and substitute a different party as purchaser, from the one so named in the return.

4th That whether upon the proof said sale ought to have been set aside or not, is a question left entirely to the judgment of the Court below, and upon which the Court of Appeals has no right to pass an opinion.

APPEAL from the Superior Court of Baltimore City.

On the 9th of October, 1858, execution was issued on a magistrate's judgment in Baltimore city, under which certain

real estate was sold to the appellants Kinnear & Willis, the former of whom was the judgment creditor. The sale was duly reported to the magistrate, by whom a return of the proceedings was made to the Superior Court of Baltimore city for ratification. Patrick Lee filed his exceptions to the sale, in the Superior Court of Baltimore city, to which an answer was filed by Kinnear, and a commission was issued, under which testimony was taken in regard to the sale. The ground taken by this Court in its decision, renders it unnecessary to set forth the testimony, or the arguments of counsel.

On the 4th of June, 1859, the Court below (LEE, J.) passed an order directing "that the exceptions to the sale be sustained, and the exceptant pay the amount of the purchase, with interest and costs of these proceedings."

From this order the present appeal was taken.

The cause was argued before BARTOL, C. J., STEWART, MILLER, ALVEY and ROBINSON, J.

*Luther M. Reynolds*, for the appellants.

*James A. Buchanan*, and *Wilson C. N. Carr*, for the appellees.

MILLER, J., delivered the opinion of this Court.

In exercising the power of confirming or vacating sales of real estate, on executions upon magistrates' judgments conferred by the Act of 1831, ch. 290, the Courts do not proceed according to the forms of the common law, or under their usual and general jurisdiction, but in the exercise of a special statutory authority, to be strictly followed, and from their judgments in such cases no appeal is provided. If, therefore, the order appealed from in this case had simply vacated the sale, this Court would have no jurisdiction to review it. But where an inferior Court assumes jurisdiction, or where an order on its face appears to be partly within, and partly

beyond the scope of the Court's authority, an appeal lies, and the judgment thus unwarrantably pronounced must be reversed. *Webster vs. Cockey,* 9 *Gill,* 93 ; *Bell, et al. vs. Jones,* 10 *Md. Rep.,* 331. Upon this ground this appeal must be entertained and the order of the Court below reversed.

. The constable's return states that the appellants were the purchasers of the property, being the highest bidders therefor. The exceptant avers he was the highest bidder and objects to the confirmation of the sale, because his bid was not accepted and he not returned as the purchaser : and on this point testimony was taken on both sides. The Court's order *"sustains the exceptions"* and directs *"the exceptant to pay the amount of the purchase money, with interest and costs of these proceedings."* Such an order clearly transcends the limits of the authority conferred by the statute under which the Court was acting. It does not vacate the sale, but in effect upholds it, and substitutes the exceptant as purchaser, in place of the parties named as purchasers, in the officer's return. All the power the Court had over the sale was simply to confirm it as returned or set it aside. By sec. 3, of the Act of 1831, ch. 290, no title passes to the purchaser until the sale has been finally ratified as therein provided, and authority is given the Court to examine into any allegation of fraud or surprise in obtaining the judgment, and for such reasons to vacate both the judgment and sale, without prejudice to further proceedings on the original cause of action, or to vacate the sale, if the Court shall deem it to have been made unfairly without due notice, or under any circumstances tending to prevent the estate sold from bringing a fair or full value, or to confirm the sale. This is the limit of the Court's authority. It has no power to adjudicate which of two bidders at the sale should be returned as purchaser, or to hold the sale good and substitute a different party as purchaser from the one so named in the return. The fact that the exceptant was a higher bidder, if established, might be evidence upon which the Court could set the sale aside, because the property did not bring its full

Kinnear and Willis *vs.* Lee and Reynolds.

value, but in such case the positive provision of the law is that a new execution must issue and a new sale be made. But whether upon the proof this sale ought to have been set aside or not, is a question left entirely to the judgment of the Court below, and upon which this Court has no right to pronounce an opinion. Our authority is confined to the reversal of the order, because it exceeds the limits of the jurisdiction under which the Court acted.

The order seems to have resulted from an entire misconception by Court and counsel, of the nature of the power given to the Court in such cases. The record shows the proceedings were conducted upon the equity side of the Court, as if it was exerting its general equity powers, and not acting as a Court of law in the exercise of a special limited authority conferred by statute. This is manifest error. There is not a word in this Act of 1831, which sanctions the idea that the general equity powers of the Court are invoked, or that the proceedings are to be on its equity side. It is true that in determining whether the judgment was obtained by fraud or surprise, or whether the sale was fairly made, and the property sold for its full value, the Court may examine into all the circumstances of the case, and pronounce judgment either confirming or vacating the sale as it may deem equitable and just, but it still acts as a Court of law, and can do nothing more than confirm or annul the sale. For these reasons the order will be reversed and the case sent back under a *procedendo*, in order that the Court below may pronounce the proper judgment, either confirming or vacating the sale, and when that is done no appeal will lie from the judgment so given.

*Judgment reversed and*
*procedendo ordered.*

(Decided 15th April, 1868.)