ALEXIS PAULETT, PLAINTIFF IN ERROR, v. J. M. PEABODY
AND JOSEPH AND JANE BROWN, DEFENDANTS IN ERROR.

**Judicial Sale.** When a purchaser at a sale of land under a decree of fore-
closure of a junior mortgage, in an action where the senior mortgagee is
not made a party, is by false representations induced to believe that the
proceeds of the sale will be applied to the payment of the prior mort-
gage, and that he would thereby take the title fully released therefrom,
the district court is justified in setting aside such sale.

————: ————.    Power and duty of the court in examining such sales, dis-
cussed by LAKE, CH. J.

ALEXIS PAULETT brought suit in the district court for
Richardson county, to foreclose a mortgage upon certain
real estate situated therein, executed by Joseph and Jane
Brown to Holt and Scott, and by them assigned to Pau-
lett. Louis Hax who held a prior mortgage was not
made a party to the suit. A decree of foreclosure was
rendered and a sale of the premises made by the sheriff,
one J. M. Peabody being the purchaser. Upon motion
of the purchaser who appeared specially for that purpose,
the sale was set aside, and to reverse that order of court
the cause was brought by Alexis Paulett, to this
court upon petition in error. The facts upon which the
order was based are sufficiently set forth in the opinion
of the court.

*George P. Uhl*, for plaintiff in error.

*A. Schoenheit*, for defendants in error.

LAKE, CH. J.

The record in this case presents but a single question
for our consideration, and this relates to the supervisory
power of the district court over judicial sales when pre-
sented for confirmation.

This was a sale of real property under a junior mortgage, in a suit wherein the senior mortgagee, was not made a party.

On the hearing of the motion to confirm the sale, it was objected by the purchaser, upon a motion to set it aside, that he had been induced to purchase the property by reason of certain false representations made by the attorneys of both the plaintiff and the senior mortgagee, to the effect, that the prior mortgage would be first paid off and discharged out of the proceeds of the sale, and that he would thereby take the title to the property fully released from that incumbrance; that but for such representations he would not have bid on the property.

Several affidavits were filed in support of the motion to set the sale aside which, although not very satisfactory, yet tend to prove that the representations complained of were in fact made, and that the chief inducement to the purchase by Peabody was the fact that he supposed his money would be first applied to the payment of the prior mortgage.

A very large discretion is necessarily given to the district court in the supervision of sales of real property under its judgments and decrees. The statute, it is true, points out very clearly certain steps which must be taken by the officer charged with the duty of making the sale, not one of which can be omitted, and in respect to which the court is given no discretion. But this enumeration of duties on the part of the sheriff, is not to be considered a limitation or restriction upon the authority of the court to see to it, that in all other respects, the proceedings are properly conducted, and the sale fairly made, so that neither the parties to the suit, nor the purchaser at the sale, shall be defrauded. In this, the court must exercise a wise discretion, and so long as this is done there is no occasion for interference by this court.

Judicial sales should be conducted with the utmost

fairness and good faith. Indeed the rules which govern them are not less stringent than in ordinary cases. If a sale is made under a decree of the court, and there is shown to have been false representations, or undue concealment, in the conditions or particulars of the sale, by any person interested therein, to the injury of another, the sale should be set aside if application is made before the conveyance is executed.

The record discloses no reason why this order of the district court should be disturbed, and it is therefore affirmed.

JUDGMENT ACCORDINGLY.

MR. JUSTICE MAXWELL concurs.