JOHN H. GREEN, PLAINTIFF IN ERROR, v. THE STATE BANK OF NEBRASKA, DEFENDANT IN ERROR.

1. Judicial Sale: CONFIRMATION. An order confirming a sale contained this condition: "That said sale be in all things confirmed upon the plaintiff stipulating to convey the property purchased by it at said sale to the defendant upon receipt of $2000, within sixty days from this date." *Held*, that the court had no authority to impose such conditions against the defendant's objection.

2. ———: ———. The court may confirm or set aside a sale; but has no authority to change or modify its terms.

ERROR to the district court for Washington county. Tried below before SAVAGE, J. The facts appear in the opinion.

*J. M. Woolworth,* for defendant in error.

1. The court, in the exercise of its discretion, could have confirmed the sale, or set it aside. Rorer on Judicial Sales, § 108, and cases cited.

2. But it could not make a contract for the parties other and different from that made when the bid was accepted. This it attempted to do, and the order is therefore erroneous. Rorer, § 108, and cases cited.

*George E. Pritchett,* for defendant in error.

1. The confirmation of judicial sales is a matter of discretion to be exercised by the court. The matter of confirmation rests peculiarly upon the wise discretion of the court. Rorer on Judicial Sales, §§ 124 and 128.

2. Error will not lie upon what is matter of discretion in a court. *Chaffel v. Soldan,* 5 Mich., 242. *Jenkins v. Brown,* 21 Wend., 454. *Walton v. Walton,* 19 Mo., 667.

MAXWELL, CH. J.

In the case at bar there was a decree of foreclosure and sale of the mortgaged premises. The plaintiff in error (defendant below) filed exceptions to the sale, and moved to set the same aside. The exceptions were overruled and the sale confirmed, to which the plaintiff in error excepted. That portion of the order of confirmation is as follows: " The motion of the plaintiff to confirm the sale made herein coming on to be heard, together with the objections of the defendant

thereto, after hearing counsel for the respective parties and being fully advised in the premises, it is ordered by the court here that the said objections be overruled, and that said sale be in all things confirmed, upon the plaintiff stipulating to convey the property purchased by it at said sale to the defendant, John H. Green, upon receipt of $2,000 within sixty days from this date; and the plaintiff now in open court, having offered to comply with said condition, and having filed its written stipulation to that effect, 'it is ordered that the sale heretofore made by the sheriff of' Washington county herein be in all things confirmed," etc.

Has the court authority to confirm a sale conditionally in this manner? The court must either confirm or set aside a sale; it cannot modify it, or impose conditions. In the *Ohio Life Ins. Co. v. Goodin*, 10 Ohio State, 557, the appraisers described a lot as containing thirty feet front, and appraised the value thereof with the improvements at $260 per front foot. After the sale and confirmation thereof it was discovered that the lot was only twenty-seven feet front. The court thereupon entered a supplemental decree, requiring the creditor to refund the amount paid by mistake. It was held that the court could not modify the terms of the sale. To the same effect see *Benz v. Hines*, 3 Kan., 390. *Kinnear v. Lee*, 28 Md., 488. *Davis v. Stewart*, 4 Tex., 223.

In *Paulett v. Peabody*, 3 Neb., 196, the court say: "A very large discretion is necessarily given to the district court in the supervision of sales of real estate under its judgment and decrees. The statute points out very clearly certain steps which must be taken by the officer charged with the duty of making the sale, not one of which can be omitted, and in respect to which the court is given no discretion. But this enumeration of duties on the part of the sheriff is not to be consid-

ered a limitation or restriction upon the authority of the court to see to it that in all other respects the proceedings are properly conducted, and the sale fairly made, so that neither the parties to the suit nor the purchaser at the sale shall be defrauded." The rules thus laid down have been steadily adhered to in this court.

Among the nine grounds of objection to the confirmation of the sale in this case we find this: "For the reason that the appraisement of said real estate is greatly, unreasonably, and unjustly below the real value thereof, and shows collusion on the part of said officers and appraisers." The affidavits in support of the objections were stricken from the files on motion of the defendant in error, so that we are unable to determine whether this specific ground of objection is sustained or not; but from the fact that the court gave the debtor the right to repurchase within a certain time, it is reasonable to infer that but for this condition the sale would have been set aside. It is the duty of the court to see that the sale has been fairly made in all respects, and to protect the rights of the debtor, creditor, and purchaser; but a proposition to an embarrassed debtor to redeem the property described in the order of confirmation against his objection, in most instances, would be entirely unavailing, from the inability of the debtor to comply with its conditions, while it might be used as a pretext for depriving him of his property at a merely nominal sum. As the district court had no authority to impose the conditions referred to in the order of confirmation, the judgment is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.