THE STATE BANK OF NEBRASKA, APPELLEE, V. JOHN H. GREEN AND JOHN I. REDICK, FOR APPELLANTS.

1. **Judicial Sale:** MOTION TO VACATE: PRACTICE. A motion to vacate a sale of real estate on execution, on the ground that it was concealed from the defendant, should be accompanied by a statement of the facts of the alleged concealment.

2. ———: ———. The fact that after the setting aside of a prior sale, the plaintiff took leave to file a supplemental petition within a time limited, which he failed to do, and by reason of which the defendants were, as they alleged, led to believe that no re-sale would be had, but which, after the time for filing said pleading had expired, actually took place without their knowledge, is not a sufficient reason for setting the sale aside.

3. ———: PENDENCY OF ANOTHER ACTION. Neither is the pendency of an action at law for the recovery of the mortgage debt any reason why such sale should be set aside.

4. ———: APPRAISEMENT OF LAND LYING IN TWO COUNTIES. In a sale by a sheriff, under a decree of foreclosure, of a single tract of land lying in two counties, he must call, as appraisers, freeholders residing in the county where the decree was rendered.

5. ———: RE-APPRAISEMENT. Land having been legally appraised at a prior sale which was set aside, and a second sale made with regard to that appraisement, it was urged in resistance of a confirmation that the premises had been improved to the extent of $4,000 between the time of the appraisement and the second sale. But it being shown that such improvement was actually made at the expense of the plaintiff, who was the purchaser at both sales, while holding under the first, *Held,* That this was not a valid objection to the second sale, no new appraisement being necessary or proper under the circumstances.

6. ———: OFFER OF INCREASED BID. Where a sale of land by a sheriff is in all respects fairly and legally made, an offer of an increased bid, on behalf of the defendant, in case a re-sale is ordered, is not sufficient absolutely to require the court to set the sale aside. It is a matter of discretion with the court to which the offer is made to accept it or not, and unless an abuse of such discretion be clearly shown, an appellate court has no right to interfere.

APPEAL by defendants from an order of confirmation rendered by SAVAGE, J., in an action tried in the district court for Washington county.   See 8 Neb., 297, and 9 Neb., 165.

*J. M. Woolworth, Redick & Redick,* and *Albert Swartzlander,* for appellants, cited *Duncan v. Dodd,* 2 Paige, 99.   *Blackburn v. S. R. Co.,* 3 Fed. Rep., 689.   Rorer on Judicial sales, 163.

*George E. Pritchett (George W. Doane* with him), for appellee, cited Rorer on Judicial sales, secs. 108, 585. *Paulett v. Peabody,* 3 Neb., 196.   *La Flume v. Jones,* 5 Neb., 256.   *Rosenfield v. Chada,* 10 Neb., 421.   Code, sec. 52.   *Wiley v. Angel,* Clarke, 217.   *Gardner v. Schermerhorn,* Id., 101.   *Buffalo Savings Bank v. Newton,* 23 N. Y., 160.   *McCotter v. Jay,* 30 N. Y., 80.

LAKE, J.

This is an appeal from an order confirming a sale of real estate under a decree of foreclosure.   Several objections to the sale were made in the district court, but we shall refer only to those mentioned and relied on by counsel in their brief filed here.

The first of these objections is one made by the defendant Green, that the sale was concealed from him. This charge implies that some act was either done or omitted, by the plaintiff, its attorney, or the sheriff in making the sale, to which the defendant had the right to look for information as to when it would take place. In the first place, it may be said of this objection that it is wanting in particularity.   It points to no act done or omitted by which the defendant was deprived of the full benefit of the notice which the law provides shall be given of such sale.   And the evidence relied on to

sustain it is equally defective. The notice was published the full time required by the statute, and even if it failed to reach the defendant, through no fault of the plaintiff, or its counsel, or the sheriff, this is not an adequate reason for setting the sale aside. Under this head, the defendants urge that subsequently to the setting aside of a former sale of these premises, in the same proceeding, the plaintiff took leave to file a supplemental petition, and had also commenced an action at law in another county to recover from them the amount of the mortgage debt, whereby they were led to believe, as they say, that no immediate sale was contemplated or would be attempted. This inference from these facts was not warranted. It appears that in the order granting leave to file a supplemental petition, a time was named within which it must be done, if done at all, and this time had fully passed before the order of sale went out. Of this order to file a supplemental petition the defendants had due notice, and while they might properly have inferred from it that no sale under the existing decree would be attempted up to the time limited for filing the supplemental petition, they could not afterwards do so. After the expiration of the time fixed in the order, the only justifiable inference to be drawn was that the proposed amendment had been abandoned, inasmuch as it could not be made afterwards without an additional order, or by consent of parties defendant. As to the pendency of the action at law, surely that furnished no excuse for inattention to the pending proceeding in equity.

The next point urged is that the premises were not legally appraised. This sale was made under an order issued by the clerk of the court, bearing date of July 9th, 1880, and with regard to an appraisement of the premises made September 4th, 1877, in making the prior sale, before referred to, under the same decree.

In this connection it is said that "The appraisers were not sworn to appraise the interest of Green, and did not appraise his interest as a matter of fact." The record, however, discloses that the oath administered was, "impartially to appraise the interest of John H. Green and John I. Redick, defendants, in said lands and tenements, upon actual view thereof." As to the appraisement itself, the return shows that the "160 acres of land, together with all the appurtenances thereunto belonging," were "valued at the sum of three thousand dollars." It further shows that the sheriff took proper steps and ascertained that the prior incumbrances upon the premises consisted solely of, "taxes, as per county treasurer's certificate, $497.32." This sum was deducted from the gross valuation, and $2,502.68 returned by the appraisers as the value of the defendant's interest in the property. This was all in exact conformity with the requirements of the act of 1875, "For the more equitable appraisement of property under judicial sale." Laws 1875, 60.

But even if the oath and appraisement had been as claimed by the defendant's counsel, that would not necessarily vitiate the sale made under it, as we held in *LaFlume v. Jones*, 5 Neb., 256, and for the reasons there stated.

It is further claimed that this appraisement was bad because *a portion* of the land was in Dodge county, whereas the appraisers were residents of Washington county, where the decree was rendered. There is no merit in this objection. The premises covered by the mortgage were conveyed, and have been treated by the parties throughout the entire case as a single tract. No suggestion appears to have been made at the hearing that a sale by parcels would be at all advantageous or even proper. In the decree no such direction was given, but the sheriff was left to pursue the usual course where

the premises are described as a single tract, viz.: to sell them altogether. The suggestion of a division of the tract in making the sale is first heard in resisting the motion to confirm. Under these circumstances it would require a very strong showing indeed of injurious results from selling it as one body to justify the court in ordering a re-sale.

Although the land is situated in two counties—Washington and Dodge—the action was properly brought in the former to foreclose as to the entire tract. Sec. 52 of the code of civil procedure provides that: "If real property, the subject of the action, be an entire tract, and situated in two or more counties, or if it consist of separate tracts situated in two or more counties, the action may be brought in any county in which any tract or part thereof is situated, unless it be an action to recover the possession thereof." And even the possession of an *entire tract* so situated may be recovered in a single action in either of the counties. In respect to land situated as is that in question, the obvious effect of this statute is to bring the whole of it within the jurisdiction of the court *for all the purposes of the action*, and to enable the court to deal with it in all respects precisely the same as if it all lay in the county where the suit was commenced. Therefore the sheriff of Washington county could lawfully make the sale, and in making the required appraisement it was his duty to call to his aid freeholders residing therein. We are of opinion that the appraisement was legally and fairly made.

But it is said that at least a new appraisement should have been made, for the reason that between the time of its valuation and final sale "the property was improved to the extent of $4,000." If this were so, and by reason thereof the defendants were liable to be prejudiced, had the matter been brought to the atten-

tion of the court by proper motion, before the sale was made, doubtless the appraisement on file would have been vacated and a new one ordered. This course, however, was not pursued, and it is exceedingly doubtful whether the sheriff would have been justified, of his own motion, in disregarding the appraisement already made in that proceeding, and in putting the parties to the expense of a new one.

And of this $4,000 improvement it may be properly said that the facts concerning it are far from favorable to this claim of the defendants that they should profit thereby. The plaintiff was purchaser at both sales. It appears that after the former sale had been confirmed by the district court, the bank sold the premises by contract to one Thomas H. Lee, who spent at least $3,500 in valuable improvements. That sale was afterwards set aside by this court—*Green v. State Bank*, 9 Neb., 165—and the bank was thereupon compelled to reimburse Lee for the money he had thus put into the property. In fact, therefore, the expense of the improvements was borne entirely by the plaintiff, and this is the basis of the claim we are now considering. Should a re-sale be ordered on the strength of it, we apprehend there would be no small difficulty in pointing to its equity as between these parties.

As to Redick's offer to bid $3500.00 on a re-sale, that was properly rejected by the district judge as a ground for setting the sale aside. In the first place, even if the offer had been amply assured, the forms of the law having been fully complied with in making the sale, it was a matter of discretion with the court to which the offer is made to accept it or not. *The Buffalo Savings Bank v. Newton*, 23 N. Y., 160. *Wakeman v. Price*, 3 Comstock, 334. And unless an abuse of such discretion be clearly shown, an appellate court has no right to interfere. But the bond accompanying

the offer was no security that the proposed bid would be made good by a payment of the money; and besides, there was no offer to reimburse the bank for the costs and expenses of the present sale, which should always be required. *Duncan v. Dodd*, 2 Paige Ch., 99.

As to the offer made by Redick in this court to give such additional security as we might be pleased to require, that will not be considered. It is possible that a case might be presented of so great wrong in a sale that we would feel warranted in permitting a party to thus reinforce his demand after bringing it here, but we discover nothing to justify such a course in this one, and must decide it upon the facts presented to the court below, as shown by the record.

ORDER AFFIRMED.