C. H. FITCH & CO., IMP., ETC., APPELLANT, v. J. D. MINSHALL ET AL., APPELLEES.

Judicial Sale : CONFIRMATION. A court in confirming a sale of real estate cannot make the confirmation conditional. Its authority is to confirm or set aside a sale, not to change or modify its terms.

APPEAL from Lancaster county, POUND, J., presiding.

J. E. Philpott, for appellant.

A. J. Sawyer, for appellees.

MAXWELL, J.

Executions were issued on certain judgments in this case and levied upon real estate, and a sale had thereunder. The plaintiff, Fitch & Co., filed a motion to set the sale aside, first, because the sale was unauthorized by the plaintiff; second, if the court should find the sale was authorized that the money be applied to the satisfaction of the judgment in favor of Fitch & Co. The sale was confirmed by the court and the sheriff ordered to make a deed to the

purchaser. The court, however, added to the order of confirmation this condition: "This order of confirmation is made conditional that it shall not take effect unless the purchaser of said land shall first pay into court the entire amount of the purchase money for which said sale was made, for the purpose of being applied in satisfaction of judgment liens, as may hereafter be ordered, and said sale is not to be confirmed and no sheriff's deed made until after said money is paid into court." To this conditional order the purchaser excepted. The return of the officer seems to show that the money was paid to him. It shows the amount realized from the sale, with the costs and expenses. In a sale upon execution the sheriff is the proper party to receive the money, and a purchaser who has paid to him cannot be compelled in addition to pay the money into court. The court has no authority to impose conditions in confirming a sale. If the purchaser has not paid the purchase price the sale should not be confirmed. The intention of the law is that the sale shall be complete. This includes payment of the price. The court is *then* to examine the proceedings and if satisfactory to confirm the sale, but a conditional confirmation is unauthorized by our statute. *Green v. State Bank,* 9 Neb., 165. *Ohio Life Ins. Co. v. Goodin,* 10 Ohio State, 557. *Benz v. Hines,* 3 Kan., 390. *Kinnear v. Lee,* 28 Md., 488. *Davis v. Stewart,* 4 Tex., 223. It follows that the order of confirmation must be reversed and set aside, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

LAKE, CH. J., concurs.

COBB, J., being of counsel, did not sit.