GORDON STATE BANK, APPELLEE, V. EDWARD W. HINCHLEY ET AL., DEFENDANTS: GRACE CARNEY ET AL., APPELLANTS.

FILED JUNE 15, 1928. No. 25660.

*Lloyd H. Jordan* and *A. C. Plantz,* for appellants.

*R. L. Wilhite, contra.*

Heard before GOSS, C. J., ROSE, DEAN and THOMPSON, JJ., and LANDIS, District Judge.

PER CURIAM.

This is an appeal from an order confirming a sale of real estate on decree of foreclosure of a mortgage. No bill of exceptions was filed in this court. The only questions involved arise on the record. All center around one point, which we will state.

The decree appears to have been dated October 1, 1924, and for the sum of $1,939.48, with interest at 10 per cent., and costs. This lien found in favor of the plaintiff was subject to a certain prior lien. The land was once offered under an order of sale issued pursuant to the decree and was sold for $500, subject to incumbrances of record. This sale was set aside. The land was again offered for sale and was sold to the Gordon State Bank of Gordon, appellee, for $500, subject to incumbrances of record, which the court found, in his journal entry and order for confirmation, to amount to $3,000, the plaintiff's lien on said day amounting, as the court also found, to the sum of $2,342.52. The court being of the opinion that $3,500 was not a fair value for said real estate, thereupon the plaintiff, in open court, raised his bid to the sum of $2,342.52, subject to the unpaid first mortgage and unpaid interest thereon and taxes against said real estate. After duly considering said bid, which he found would amount to a payment of $5,342.52 for the land, the court found "that the last mentioned bid by the plaintiff is a fair value for said real estate and a fair consideration for the same, and that said real estate would not bring to exceed more than said bid

if again offered for sale." Thereupon the court overruled the objections to confirmation and confirmed the sale.

The only real question for consideration is whether the court erred in allowing the plaintiff to raise his bid on the hearing for confirmation.

In *Green v. State Bank,* 9 Neb. 165, the order confirmed the sale "upon the plaintiff stipulating to convey the property purchased by it at said sale to the defendant upon receipt of $2,000 within sixty days from this date." The court, it was said, had no authority to impose such condition or to change or modify the terms of the sale. In *Fitch & Co. v. Minshall,* 15 Neb. 328, it was held that the court could not make its confirmation conditional. In *Griffith v. Jenkins,* 50 Neb. 719, the confirmation order showed that the purchaser, in open court, raised his bid without disclosing why or that any condition was imposed by the court.

Under the law formerly, when the real estate levied upon was appraised, it could not be sold for less than two-thirds of the appraised value. The regularity of the sale and fairness of the price are now determined by the court, which determines what circumstances and conditions will justify confirmation. The court has equity powers in passing upon a judicial sale, and may exercise sound discretion and even impose conditions so long as they are not arbitrary.

Appellants were not prejudiced, and should not complain of error in their favor, if any.

In the confirmation of a judicial sale under a decree of foreclosure of a mortgage, under the statute now in force, where the owner of the property is not in justice and equity injured thereby, it is not error for the court to allow the bidder to increase his bid on the hearing for confirmation of the sale.

For the reasons stated, we are of the opinion that there is no merit in the appeal. The judgment of the district court is therefore                                                        AFFIRMED.