777 N.W.2d 259 (2010)
279 Neb. 174
DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, under the Pooling and Servicing Agreement Dated as of September 1, 2002, Morgan Stanley Dean Witter Capital I Inc., Trust 2002-NC4, by and Through Its Loan Servicing Agent, Litton Loan Servicing, LP, appellee,
v.
Max D. SIEGEL and Angela M. Siegel, Husband and Wife, appellants, and
Platte Valley State Bank & Trust Company, Trustee and Beneficiary, appellee.
No. S-08-1314.
Supreme Court of Nebraska.
January 8, 2010.
*261 Michael J. Synek for appellants.
Eric H. Lindquist, P.C., L.L.O., and Harvey B. Cooper, of Abrahams, Kaslow & Cassman, L.L.P., Omaha, for appellee Deutsche Bank National Trust Company.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
WRIGHT, J.

NATURE OF CASE
Deutsche Bank National Trust Company (Deutsche Bank), by and through its loan servicing agent, Litton Loan Servicing, LP (Litton), sought judicial foreclosure of real estate owned by Max D. Siegel and Angela M. Siegel. The district court confirmed a judicial sale of the property, and the Siegels appeal.

SCOPE OF REVIEW
Subject matter jurisdiction is a question of law for the court, which requires an appellate court to reach a conclusion independent of the lower court's decision. Gilbert & Martha Hitchcock Found. v. Kountze, 275 Neb. 978, 751 N.W.2d 129 (2008).
It is the general rule that confirmation of judicial sales rests largely within the discretion of the trial court, and will not be reviewed except for manifest abuse of such discretion. Michelson v. Wagner, 170 Neb. 28, 101 N.W.2d 498 (1960).

FACTS
The Siegels owned residential real estate in Buffalo County, Nebraska. On June 11, 2002, they refinanced their home loan in a consumer credit transaction by executing an adjustable rate note to New Century Home Mortgage, secured by a deed of trust on the real estate. New Century Home Mortgage assigned the note in blank to Deutsche Bank, as trustee, under the "Pooling and Servicing Agreement Dated as of September 1, 2002, Morgan Stanley Dean Witter Capital I, Inc., Trust 2002-NC4." New Century Home Mortgage also assigned the deed of trust to Deutsche Bank. Litton was Deutsche Bank's loan servicer.
The Siegels defaulted on the note by failing to pay installments due on May 1, 2005, and thereafter. Pursuant to the terms of the note, the balance of the loan was accelerated and was due and payable in full. Litton notified the Siegels of the acceleration and filed a complaint on behalf *262 of Deutsche Bank seeking judicial foreclosure of the Siegels' right, title, lien, and equity of redemption in the real estate under the deed of trust.
In November 2006, the Siegels hired an auditing firm to determine if Litton violated the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq. (2006). They sought leave to file a counterclaim based on alleged TILA violations, but the district court denied their request. On March 13, 2007, the Siegels informed Deutsche Bank of their intent to rescind the loan transaction, based on the alleged TILA violations.
On March 21, 2007, the district court entered a decree of foreclosure. It also granted Deutsche Bank's motion for summary judgment, determined that the Siegels owed $174,538.26 on the note, and appointed a master commissioner to sell the real estate. Upon the Siegels' motion, the court stayed the order of sale for 9 months pursuant to Neb.Rev.Stat. § 25-1506 (Reissue 2008).
The master commissioner conducted a public sale of the property on November 4, 2008. Deutsche Bank's bid of $154,050 was the only bid submitted. Deutsche Bank moved for confirmation of the sale, and a hearing was held for that purpose. The Siegels offered evidence that the property had been appraised at $206,000 and an affidavit of Brett Weis, who stated that if he had been aware of the judicial sale of the property, he would have placed a bid to purchase the property for a sum greater than $154,050. On December 1, Deutsche Bank increased its bid from $154,050 to $206,000.
At the hearing on confirmation of the sale, the district court concluded that nothing in the evidence indicated the property was not sold for fair value under the circumstances and conditions of the public sale. It determined there was no evidence that a subsequent sale would realize an amount greater than the original sale price or the appraised value. The court accepted Deutsche Bank's subsequent bid of $206,000, but stated that it did so for the protection of the Siegels and not because it believed the original bid did not represent the fair market value of the property. Accordingly, the court confirmed the sale of the property to Deutsche Bank for $206,000. The Siegels appeal.

ASSIGNMENTS OF ERROR
The Siegels allege, summarized and restated, that the Buffalo County District Court lacked jurisdiction to conduct the confirmation of sale proceedings and that the court erred in confirming the judicial sale and failing to find that the Siegels rescinded the transaction prior to confirmation of the sale.

ANALYSIS

REAL PARTY IN INTEREST AND JURISDICTION
The Siegels claim that the district court did not have jurisdiction because Litton did not have authority to commence this action or to act on behalf of Deutsche Bank and, therefore, was not the real party in interest. They assert that Deutsche Bank should have brought the claim in its own behalf.
Subject matter jurisdiction is a question of law for the court, which requires an appellate court to reach a conclusion independent of the lower court's decision. Gilbert & Martha Hitchcock Found. v. Kountze, 275 Neb. 978, 751 N.W.2d 129 (2008). The record shows that Litton had authority to bring the foreclosure action against the Siegels on behalf of Deutsche Bank. Accordingly, this assignment of error is without merit.
Deutsche Bank was a party to the "Pooling and Servicing Agreement" (PSA), *263 which designated Deutsche Bank as trustee and authorized a servicer to initiate foreclosure proceedings on behalf of Deutsche Bank. The Siegels asked for information in the PSA in discovery requests. At Deutsche Bank's request, the district court entered a protective order to keep the documents confidential, and Deutsche Bank then filed the PSA with the court on February 22, 2007.
The PSA became part of the district court's file at the time of Deutsche Bank's filing. The court took judicial notice of the entire court file on two occasions. On November 24, 2008, at the hearing on Deutsche Bank's motion to confirm the sale of the real estate, the court stated that it would take judicial notice of all of the pleadings, the court file, attachments contained thereto, and all exhibits. The November 24 hearing was continued to December 1, at which time Deutsche Bank's attorney stated, "Judge, I first want to confirm that you have taken judicial notice of your entire file ...." The court responded, "Well, if I haven't, I will." The PSA was filed with this court as a second supplemental transcript pursuant to Deutsche Bank's request on October 20, 2009.
The PSA contains a section titled "Administration and Servicing of Mortgage Loans," which provides: "[T]he Servicer in its own name or in the name of a Subservicer is hereby authorized and empowered by the Trustee [Deutsche Bank] to institute foreclosure proceedings or obtain a deed-in-lieu of foreclosure so as to convert the ownership of such properties ... on behalf of the Trustee." To carry out these powers, the PSA states: "[T]he Trustee hereby grants to the Servicer, and this Agreement shall constitute, a power of attorney to carry out such duties including a power of attorney to take title to Mortgaged Properties after foreclosure on behalf of the Trustee." An employee of Litton stated in her affidavit that Litton was the servicer for Deutsche Bank.
A power of attorney authorizes another to act as one's agent. First Colony Life Ins. Co. v. Gerdes, 267 Neb. 632, 676 N.W.2d 58 (2004). Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and the consent of the other to so act. Equilease Corp. v. Neff Towing Serv., 227 Neb. 523, 418 N.W.2d 754 (1988). In the relationship of principal and agent, an agent's actual authority is the power to act on the principal's behalf in accordance with the principal's consent to the agency. Oddo v. Speedway Scaffold Co., 233 Neb. 1, 443 N.W.2d 596 (1989).
The PSA granted power of attorney to Litton and created an agency relationship between Litton and Deutsche Bank. As Deutsche Bank's agent, Litton acted within the scope of its authority in bringing this action against the Siegels. Litton had the authority to commence the action in Deutsche Bank's name pursuant to the power of attorney and agency agreement. This arrangement is not improper. The PSA authorizes Litton to initiate foreclosure proceedings on behalf of Deutsche Bank; therefore, the district court properly concluded that it had jurisdiction to decide this case.

JUDICIAL SALE OF REAL ESTATE
The Siegels next claim that the district court should have ordered a resale of the property and that the court improperly accepted Deutsche Bank's second bid of $206,000 after the judicial sale.
Nebraska law provides that a court shall confirm a judicial sale if the court is satisfied that the sale "has in all respects been *264 made in conformity to the provisions of [chapter 25 of the Nebraska Revised Statutes] and that the said property was sold for fair value, under the circumstances and conditions of the sale, or, that a subsequent sale would not realize a greater amount." Neb.Rev.Stat. § 25-1531 (Reissue 2008). It is the general rule that confirmation of judicial sales rests largely within the discretion of the trial court, and will not be reviewed except for manifest abuse of such discretion. Michelson v. Wagner, 170 Neb. 28, 101 N.W.2d 498 (1960).
The hearing to confirm the judicial sale of the property took place on two different days. On the first day, the Siegels offered an appraisal that valued the property at $206,000. On the second day, they offered Weis' affidavit stating his willingness to bid an unknown amount greater than $154,050 at a resale. They claim this is evidence that the sale price was inadequate and that a subsequent sale would realize a greater amount.
Whether the court should confirm a judicial sale is determined on the facts of each case. Evidence that another party who did not bid at the original judicial sale would pay more for the property is not sufficient to prevent the court from confirming the sale. In Kleeb v. Kleeb, 210 Neb. 637, 316 N.W.2d 583 (1982), property was sold at judicial sale to a purchaser for $181,440. After the sale, an anonymous bidder offered an "upset bid" of $189,540, good for 1 day only. The court determined that the amount of the new offer was not a substantial increase and that there was no evidence that a new sale could start at the point of the upset bid, which was only open for that day. It confirmed the judicial sale. On appeal, this court affirmed the decision of the trial court and stated that the court was well within its discretion in refusing to set aside the alleged upset bid made by the unknown party, particularly because there was no evidence that a resale would result in a higher price.
In the present case, the district court was within its discretion to refuse to order a resale based on the Siegels' evidence. Weis' affidavit does not indicate how much he would bid if there were a resale, and there is no evidence that his theoretical bid would be substantially more than Deutsche Bank's bid of $154,050. The court was within its discretion in declining to speculate that Weis or any other bidder would pay significantly more than $154,050 at a resale.
The Siegels characterize Deutsche Bank's second bid of $206,000 as an upset bid and claim that it should not have been accepted and that the district court should have held a resale instead. Generally, an upset bid following a judicial sale and before a final confirmation should be considered only when it affords convincing proof that the property was sold at an inadequate price and that a just regard for the rights of all concerned and the stability of judicial sales permits its acceptance. Destiny 98 TD v. Miodowski, 269 Neb. 427, 693 N.W.2d 278 (2005) (citing Kleeb v. Kleeb, supra). However, when the upset bid is offered by the original bidder, it is not error for the court to allow the bidder to increase his bid at the hearing for confirmation of the sale if the property owner is not injured. See Gordon State Bank v. Hinchley, 117 Neb. 211, 220 N.W. 243 (1928).
In Gordon State Bank, following the judicial sale, the court stated its opinion that the winning bid was not a fair value for the real estate. The winning bidder increased its bid, and the court confirmed the sale. On appeal, we noted that with respect to a judicial sale, the court may exercise its discretion. Considering that *265 the appellants were not prejudiced and that any error was in their favor, we determined the court did not err in allowing the bidder to increase his bid at the hearing for confirmation of the sale.
Deutsche Bank was the only bidder at the sale and the only party to offer a subsequent bid. The amount of the second bid, $206,000, was equal to the Siegels' proffered appraisal value of the property. In accepting the upset bid, the district court stated: "Solely for the protection of the defendants, and not because the court believes the original bid offer by the plaintiff does not represent fair value of the property, the court will accept the subsequent bid of the plaintiff of $206,000.00 for the property." The Siegels have not offered any evidence that the property was not sold for fair value under the circumstances or that a subsequent sale would have realized an amount greater than $206,000. Rather, the court's acceptance of Deutsche Bank's increased bid was in conformity with the value of the property asserted by the Siegels.
Typically, the concern regarding acceptance of upset bids is that the practice would render judicial sales meaningless because bidders could skip the judicial sale and place their bids with the court right before the confirmation hearing. Michelson v. Wagner, 170 Neb. 28, 101 N.W.2d 498 (1960). Here, this is not a concern because the upset bidder was Deutsche Bank, which merely outbid itself. There were no other bidders. The second bid matched the property value asserted by the Siegels and was a significant benefit to them. The district court did not abuse its discretion in accepting Deutsche Bank's second bid of $206,000 and confirming the sale.

TRUTH IN LENDING ACT
Lastly, the Siegels allege that the district court erred in failing to find that they rescinded the loan transaction based on Deutsche Bank's alleged unspecified TILA violations. Because the Siegels received a stay of sale, this assignment of error is waived.
Prior to the foreclosure decree, the Siegels sought leave to file a counterclaim based on alleged TILA violations. The district court denied the motion. Subsequently, the Siegels informed Deutsche Bank of their intent to rescind the loan based on TILA violations. Nonetheless, the district court entered a decree of foreclosure.
After the foreclosure decree was entered, the Siegels requested and were granted a 9-month stay of sale in accordance with § 25-1506. When a defendant requests a stay of sale pursuant to § 25-1506, the defendant is precluded from appealing from the foreclosure decree. Production Credit Assn. of the Midlands v. Schmer, 233 Neb. 785, 448 N.W.2d 141 (1989); Federal Farm Mtg. Corporation v. Ganser, 145 Neb. 589, 17 N.W.2d 613 (1945); Ohio Nat. Life Ins. Co. v. Baxter, 139 Neb. 648, 298 N.W. 530 (1941); Carley v. Morgan, 123 Neb. 498, 243 N.W. 631 (1932); Ecklund v. Willis, 42 Neb. 737, 60 N.W. 1026 (1894); McCreary v. Pratt, 9 Neb. 122, 2 N.W. 352 (1879). A request for a stay of sale is also a waiver of any prior error in the proceedings. Id. The unspecified TILA violations alleged by the Siegels occurred prior to the order of foreclosure and prior to their request for a stay of sale. Accordingly, the Siegels' claims regarding TILA violations are waived.

CONCLUSION
We conclude that the district court had jurisdiction over the parties, as Litton properly brought this action on behalf of Deutsche Bank, and that the court did not *266 abuse its discretion in confirming the judicial sale of the Siegels' property. Because the Siegels stayed the judicial sale of their property, their claims relating to TILA violations were waived. Accordingly, we affirm the district court's confirmation of the judicial sale.
AFFIRMED.