# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 09-3625

_____

| | |
|---|---|
| Max D. Siegel; Angela M. Siegel, | * |
| | * |
| Appellants, | * |
| | * |
| v. | * |
| | * Appeal from the United States |
| Deutsche Bank National Trust | * District Court for the |
| Company; Morgan Stanley Dean | * District of Nebraska. |
| Witter Capital I, Inc., Trust 2002-NC4; | * |
| Litton Loan Servicing LP; New Century | * [UNPUBLISHED] |
| Mortgage Corp.; S21-T9N-R16 Pt. S 1/2 | * |
| SE 1/4 Parcel 6 & 7, Buffalo County, | * |
| Nebraska (commonly known as 3425 W. | * |
| 56th Street, Kearney, Nebraska), | * |
| | * |
| Appellees. | * |

_____

Submitted:  December 15, 2010
Filed:  February 14, 2011

_____

Before WOLLMAN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Max and Angela Siegel appeal from the district court's[1] dismissal of their complaint alleging violations of the Nebraska Consumer Protection Act, the Truth in

_____

[1]The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

Lending Act (TILA), 15 U.S.C. § 1601, the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692, the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, as well as ancillary state common-law fraud and civil conspiracy claims.

In 2002, the Siegels signed a 30-year adjustable rate mortgage note with defendant New Century Mortgage Corporation and simultaneously executed a deed of trust to New Century as security on the note. New Century assigned the original deed of trust to defendant Deutsche Bank as Trustee for Morgan Stanley. The Siegels struggled to meet their mortgage payments and in late 2005, defendant Litton Loan Servicing began foreclosure proceedings in Nebraska state court on behalf of Deutsche Bank. The Siegels challenged the foreclosure in state court. These proceedings culminated with a decision from the Nebraska Supreme Court, Deutsche Bank National Trust Company v. Siegel, 279 Neb. 174, 777 N.W.2d 259 (2010), confirming the foreclosure decree and subsequent judicial sale. The Siegels commenced this federal action against the above-named defendants on December 1, 2008.

The district court dismissed the complaint in its entirety. It concluded that the Nebraska Consumer Protection Act claim and the TILA claim had accrued on June 11, 2002, and were thus time-barred under the respective statutes of limitation. It dismissed the FDCPA claim after determining that the defendants could not be classified as debt collectors under the statutory scheme. It dismissed the FCRA claim on the ground that the underlying assertions of fact did not suggest wrongdoing on the part of the defendants and, in any event, were too vague to state a viable claim. Finally, it concluded that the Siegels had not established their state common-law fraud and civil conspiracy claims with sufficient particularity, as required under Rule 9(b) of the Federal Rules of Civil Procedure, and dismissed them as well.

Having reviewed the record and considered the Siegels' arguments, we affirm on the basis of the analysis set forth in the district court's thorough memorandum and order. See 8th Cir. Rule 47B.

_____