751 N.W.2d 129 (2008)
275 Neb. 978
GILBERT M. and MARTHA H. HITCHCOCK FOUNDATION, a Nebraska nonprofit corporation, et al., appellees and cross-appellants,
v.
Denman KOUNTZE, Jr., Appellee,
Edward H. Kountze, appellant and cross-appellee, and
Charles Denman Kountze, appellee.
No. S-07-286.
Supreme Court of Nebraska.
June 27, 2008.
David A. Domina and Claudia L. Stringfield-Johnson, of Domina Law Group, P.C., L.L.O., and David J. Lanphier, of *131 Broom, Johnson, Clarkson & Lanphier, Omaha, for appellant.
Edward D. Hotz and Michael R. Peterson, of Hotz, Weaver, Flood, Breitkreutz & Grant, Omaha, for appellees Gilbert M. and Martha H. Hitchcock Foundation et al.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
*130 McCORMACK, J.

NATURE OF CASE
This is an appeal after remand in which all the issues presented are procedural and jurisdictional. The underlying findings of fact and conclusions of law are not disputed.
A derivative action was brought by several trustees of a public benefit corporation against three fellow trustees: Denman Kountze, Jr., Edward H. Kountze, and Charles Denman Kountze. In Gilbert & Martha Hitchcock Found. v. Kountze[1] (Hitchcock I), we reversed the district court's judgment on the plaintiffs' claims and the defendants' counterclaims and remanded the cause, holding that the court had erred in proceeding to trial without sufficient evidence that the Attorney General was notified of the action and had an adequate opportunity to intervene on behalf of the public, as mandated by the Nebraska Nonprofit Corporation Act.[2]
Upon remand, the district court ordered that the plaintiffs serve notice upon the Attorney General of the prior proceedings and provide proof of service of such notice. The Attorney General, upon receiving notice, informed the court that its office did not wish to intervene. The court eventually granted the plaintiffs' motion to reenter the court's original findings of fact and conclusions of law, except those rendered moot by the intervening death of Denman. Edward appeals.

BACKGROUND
The plaintiffs are members of the board of trustees of the Gilbert M. and Martha H. Hitchcock Foundation (the Foundation). Under the bylaws of the Foundation, the presence of at least one of several specified linear descendants of the founders was required to constitute a quorum. Of the specified descendants, Denman was the only one still living during the events underlying this litigation. The plaintiffs' complaint alleged that Denman, Edward, and Charles had consistently failed or refused to participate in board meetings since September 2002. The plaintiffs sought declaratory judgment as to various actions in the preceding year, a court-ordered meeting of the Foundation to dispense with the quorum requirement, an injunction preventing the defendants from attempting to conduct further business with the Foundation, removal of the defendants from the board, and damages resulting from an alleged civil conspiracy by the defendants. The defendants filed a counterclaim, similarly challenging various actions of the plaintiffs, seeking removal of several of the plaintiffs as trustees for alleged fraudulent and dishonest conduct, and injunctive relief from future action in contravention of the bylaws.
After a bench trial, the district court found that the record was devoid of any proof of notice to the Attorney General, but it concluded that such lack of notice was not a jurisdictional defect and it could *132 proceed with judgment. The court entered an order ruling on the validity of the various acts disputed by the parties, some favorably to the plaintiffs and others favorably to the defendants. It then removed Edward as trustee after finding his actions constituted a gross abuse of authority, but denied the plaintiffs' request to remove Charles. The court acceded to the plaintiffs' decision that it would not be in the Foundation's best interests to remove Denman. It ordered the bylaws amended so that the presence of no particular individual was necessary to constitute a quorum. The district court found no actionable civil conspiracies by any of the parties.
The defendants appealed. Of the 19 assignments of error made by the defendants, the only one reached by this court in Hitchcock I dealt with the failure to notify the Attorney General of the claim. We held that the statutory notice was "an essential prerequisite to proceeding in any action involving a public benefit corporation for which such notice is required"[3] and that it was the plaintiffs' burden to present evidence, as outlined by § 21-1915, that the notice had been effectively given. Despite the plaintiffs' contentions on appeal that evidence was presented as to the required notice, we noted that the district court had specifically found the evidence of notice lacking. The plaintiffs had failed to cross-appeal this finding, and thus, we explained that the plaintiffs had failed to preserve any complaint with respect to the district court's reasoning. We reversed and remanded the cause for further proceedings consistent with our opinion.
After remand, Edward argued to the district court that our opinion in Hitchcock I mandated only a limited inquiry into whether the Attorney General had been properly notified within 10 days of the plaintiffs' original complaint. Edward argued that this was the plaintiffs' only opportunity to perfect "springing" subject matter jurisdiction. According to Edward, if the plaintiffs had failed to give proper notice to the Attorney General at that time, then there was no way to remedy the court's lack of jurisdiction and the court was required to vacate its prior judgment.
The district court disagreed. The court read Hitchcock I as foreclosing further inquiry into whether the original notice had actually been sent, and it refused to admit further evidence presented by the plaintiffs on this point. Instead, over Edward's objection, the court ordered the plaintiffs to send a new notice to the Attorney General. The court contemplated at that time that a new trial would then proceed after proof of service on the issues previously joined by the parties.
The plaintiffs sent notice to the Attorney General and provided the court with proof of service. The notice included copies of the operative pleadings and relevant court orders. The Attorney General responded by letter, advising the court that its office did not wish to intervene. The Attorney General explained that after reviewing a voluminous record of pleadings, orders, hearing transcripts, and exhibits, and after meeting with "both sides," its office had concluded that "able counsel for the parties and the Court can provide sufficient protection to the public interest." The Attorney General explained that this was not the type of case contemplated by the notice requirements of the Nebraska Nonprofit Corporation Act, where the participants *133 were without a sufficient economic interest to ensure oversight.
A hearing was held before the district court in which the Attorney General's office again stated its intention not to intervene. At the hearing, Charles made an oral motion to dismiss his counterclaims. No objection to this motion is found in the record. The court granted the motion to dismiss Charles' counterclaims; however, it explained that it was not dismissing Charles as a defendant to the action.
Edward did not move at that time for dismissal of his counterclaims, but later filed a "Dismissal of Counterclaims," stating: "Edward ... dismisses his counterclaims without prejudice. No leave of court to do so is required as the court never acquired subject matter jurisdiction of this action as was determined by the Nebraska Supreme Court." Edward also filed a motion to dismiss all of the plaintiffs' claims, with prejudice, for lack of subject matter jurisdiction. The plaintiffs objected to Edward's "Dismissal of Counterclaims" on the grounds that Edward had recently filed the same claims against them in federal court and that a dismissal of counterclaims would subject the plaintiffs to inconsistent judgments involving the same subject matter in different courts. The plaintiffs asserted that their claims against Edward should not be dismissed, because the new notice to the Attorney General was sufficient for the court to proceed with judgment.
Once it was clear that the Attorney General would not intervene, the plaintiffs argued that a new trial was not necessary and asked the court to simply reenter its pre-Hitchcock I findings of fact and conclusions of law, except those rendered moot by the death of Denman. Edward orally objected to this motion. Edward argued that it was essentially a "Rule 12" motion, "tantamount to a motion for summary judgment," and that he should be entitled to "put on evidence about it." The discussion on Edward's objection quickly devolved again, however, into the issue of whether the district court could have subject matter jurisdiction.
The court ultimately denied Edward's motion to dismiss the plaintiffs' claims, and no ruling appears on the record regarding Edward's "Dismissal of Counterclaims." The court granted the plaintiffs' motion to reenter its previous findings of fact and conclusions of law, and Edward appeals.

ASSIGNMENTS OF ERROR
Edward's assignments of error, consisting of subparts and paragraphs of argument, do not comply with the mandate of Neb. Ct. R. of Prac. 9D(1)e (rev.2006) that they each be "[a] separate, concise statement of each error." Summarized, they are (1) that the district court lacked subject matter jurisdiction to render judgment; (2) that it was improper for the court to reenter its prior findings of fact and conclusions of law without giving the parties the opportunity for a new trial; and (3) that the court abused its discretion in failing to allow Edward to dismiss his counterclaims, when the court had granted Charles' motion to dismiss his similar counterclaims.
The plaintiffs cross-appeal, assigning as error the court's refusal to consider evidence that they had indeed sent proper notice to the Attorney General within 10 days of their original complaint.

STANDARD OF REVIEW
Subject matter jurisdiction is a question of law for the court, which requires an appellate court to reach a conclusion *134 independent of the lower court's decision.[4]

ANALYSIS
Edward first contends that because the plaintiffs did not file within 10 days from the time of the original complaint, the proceedings were marred by a jurisdictional defect that could not be remedied by a late notice after remand. According to Edward, we only remanded the cause for further proceedings in order to determine the narrow question of whether the plaintiffs had given the Attorney General notice within 10 days.
Edward misconstrues our mandate in Hitchcock I. In that opinion, we specifically held that the issue of whether the plaintiffs had given the Attorney General notice within 10 days from the time of commencing the proceedings was foreclosed from further consideration. That fact had been conclusively determined after the plaintiffs failed to appeal the district court's specific determination that no notice had been given.
The district court correctly reasoned that we would not have, therefore, remanded the cause for further proceedings if we thought that it contained a jurisdictional defect that could not be remedied. We explained in Hitchcock I that the notice to the Attorney General as an interested party was an "essential prerequisite to proceeding" in an action involving a public benefit corporation.[5] Otherwise, the requirements of §§ 21-1949 and 21-1977 "would be meaningless" because "[t]here would be no consequence for a party's failure to meet the statutory requirement."[6] We accordingly concluded that "the district court erred in proceeding to trial without sufficient evidence that the Attorney General was notified of this action and had an adequate opportunity to intervene on behalf of the public."[7]
In doing so, we plainly rejected Edward's jurisdictional argument. The clear implication of our opinion was that, upon remand, the plaintiffs could provide the prerequisite notice to the Attorney General and the district court could proceed with the action once such notice was given. The plaintiffs did, in fact, notify the Attorney General of the action after we remanded the cause back to the district court, and we find no jurisdictional defect in the judgment currently before us.
Edward next asserts that the district court lacked authority to simply reenter its pre-Hitchcock I findings of fact and conclusions of law. In large part, this argument is dependent upon Edward's belief that the district court lacked subject matter jurisdiction and could not reenter a "vacated" judgment. As already discussed, the district court did not lack subject matter jurisdiction, and we did not "vacate" its previous judgment.
But Edward also argues that even if the district court had subject matter jurisdiction, it was impermissible for the court to issue judgment on the old record without giving the parties an opportunity to amend their pleadings and put on new evidence. Edward asserts that the adoption of its former judgment was simply a "concocted" procedure by the court.[8] Edwards alleges *135 that the rules of evidence were not complied with, no notice of trial was given, and summary judgment procedures were not followed. Edward asserts that he was prejudiced by the court's procedure because he was thus unable to present evidence and issues relating to the 3 years intervening between the district court's first order and its readoption of that order. In particular, he alleges that the court's procedure prohibited him from raising allegations that the plaintiffs had abused and dissipated the Foundation's funds while Hitchcock I was pending.
On remand, Edward's only objection to the procedure, as such, of adopting the former judgment was that it was akin to a motion for summary judgment and that Edward should be allowed to "put on evidence about it." Edward did not ask for permission to amend the pleadings. Nor did he make reference to further events in the interim period that he thought necessary to add to the record.
We conclude that the district court's procedure was not, as Edward contends, essentially a motion for summary judgment. It is, in fact, not uncommon for a court to "readopt" its prior judgment on the previous record, where the only defect in the judgment was that proper notice to an interested party had not been given, but such party was later notified and waived participation in the proceedings.[9]
We question whether much of Edward's current argument against the district court's procedure was properly raised before that court. But, in any event, we find no merit to it. The defective notice did not operate to open the door for new claims by Edward discovered in the interim of the appeal, and he has not been prejudiced by his inability to do so.
Finally, we consider Edward's argument that the district court abused its discretion in failing to allow Edward to dismiss his counterclaims. We can find no abuse of discretion in the court's failure to grant a motion that was never made. While Edward titled his motion a "Dismissal of Counterclaims," the motion clearly did not ask the court for any ruling. Instead, Edward stated that he was dismissing his own counterclaim and that "[n]o leave of court to do so is required...." Moreover, the motion was specifically tied to Edward's belief that the "court never acquired subject matter jurisdiction," and we have already found this contention to be without merit.

CONCLUSION
We find no merit to Edward's assignments of error in the current appeal, and we affirm the judgment. Having done so, we need not consider the plaintiffs' cross-appeal.
AFFIRMED.
NOTES
[1] Gilbert & Martha Hitchcock Found. v. Kountze, 272 Neb. 251, 720 N.W.2d 31 (2006).
[2] Neb.Rev.Stat. §§ 21-1901 to 21-19,177 (Reissue 1997 & Cum.Supp.2006).
[3] Gilbert & Martha Hitchcock Found. v. Kountze, supra note 1, 272 Neb. at 260, 720 N.W.2d at 38.
[4] See Ptak v. Swanson, 271 Neb. 57, 709 N.W.2d 337 (2006).
[5] Gilbert & Martha Hitchcock Found. v. Kountze, supra note 1, 272 Neb. at 260, 720 N.W.2d at 38 (emphasis supplied).
[6] Id.
[7] Id. at 262, 720 N.W.2d at 39.
[8] Brief for appellant at 27.
[9] See. e.g., Welfare of M.S.S., 86 Wash.App. 127, 936 P.2d 36 (1997); Y.W.C.A. of Camden v. Murrelle, 141 N.J.Eq. 229, 56 A.2d 738 (1948).