# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-2535

_____

| | | |
|---|---|---|
| Edward H. Kountze, in his capacity as Trustee and on behalf of the Gilbert M. and Martha H. Hitchcock Foundation, a Nebraska Nonprofit Organization, | * * * * * * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| | * | |
| Tyler B. Gaines; Neely Kountze; Mary Kountze; John Webster; John Does 1-3; Thomas R. Burke; Hotz, Weaver, Flood, Breitkreutz & Grant; Gilbert M. and Martha H. Hitchcock Foundation, a Nebraska Nonprofit Corporation, | * * * * * * * | |
| | * | |
| Appellees. | * | |

_____

Submitted:  December 14, 2007
Filed: July 3, 2008

_____

Before LOKEN, Chief Judge, WOLLMAN and SHEPHERD, Circuit Judges.

_____

SHEPHERD, Circuit Judge.

In this appeal, we review the district court's grant of summary judgment in favor of Appellees based on Appellant's lack of standing and the district court's decision to impose sanctions against the appellant under Federal Rule of Civil Procedure 11. We affirm the grant of summary judgment and the imposition of sanctions.

I.

The Gilbert M. and Martha H. Hitchcock Foundation (the Foundation) was established for charitable, religious, and educational purposes. The Foundation was funded through a bequest in Martha H. Hitchcock's will and has contributed millions of dollars to various charitable organizations since 1962. The Foundation is governed by a Board of Trustees (the Board). Sometime around 2002, relations among the members of the Board soured.

On January 21, 2003, Tyler B. Gaines, Neely Kountze, Mary Kountze, and John Webster (Trustees) filed a state-court derivative action seeking, among other things, the removal of three other trustees, including Edward Kountze (Edward), the Appellant in this matter. On September 2, 2004, a state district court, following a bench trial, ordered the removal of Edward from the Board.

While the state-court action was being appealed, Denman Kountze, Jr., who was Edward's father, President of the Foundation, and a trustee on the Board, filed a derivative action in federal district court. In this action, he claimed that the Trustees breached their fiduciary duties to the Foundation when they approved the expenditure of funds to pay legal fees to the Hotz, Weaver, Breitkreutz & Grant law firm (Hotz Weaver) and Thomas Burke for legal services provided during the state-court proceedings. In the action, Denman Kountze, Jr., sought a judgment against Hotz Weaver and Burke requiring that all monies drawn on the Foundation and paid to Hotz

Weaver or Burke since September 20, 2004, be disgorged and returned to the Foundation with interest, and that the Trustees be held liable for any monies not repaid. Additionally, Denman Kountze, Jr., asked that the court order the Trustees to return to the Foundation any monies they received as reimbursement for legal fees and costs relating to the state-court actions. The district court dismissed Hotz Weaver from the action with prejudice because the complaint failed to state a claim against Hotz Weaver. Upon notice of the death of Denman Kountze, Jr., the district court dismissed the remainder of the action.

Meanwhile, in the appeal of the state court's decision removing Edward, the Nebraska Supreme Court reversed and remanded because notice was not provided to the state Attorney General as required under Nebraska Revised Statute section 21-1949. See Gilbert M. and Martha H. Hitchcock Foundation v. Kountze, 720 N.W.2d 31, 36-39 (Neb. 2006). Proper notice was then given to the Nebraska Attorney General who declined to enter an appearance in the matter. On March 5, 2007, the state district court reentered its previous order removing Edward from the Board. On January 8, 2007, in the interim between the Nebraska Supreme Court's reversal and the Nebraska district court's reentry of its order, Edward filed a derivative action in federal district court against the Trustees, Hotz Weaver, and Burke, seeking recovery of the funds expended by the Foundation to pay the legal fees in the state-court action. Edward also sought the removal of the Trustees from the Board.

Hotz Weaver moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that its dismissal with prejudice in the prior action filed by Denman Kountze, Jr., precluded Edward's claims. In response to the motion, Edward voluntarily dismissed Hotz Weaver. Burke also filed a Rule 12(b)(6) motion to dismiss, claiming that the claims made against Burke are identical to those made against Hotz Weaver and thus are precluded by the prior dismissal with prejudice. The Trustees moved

alternatively for dismissal, abstention under the Colorado River[1] abstention doctrine, or for a stay of the proceedings pending further consideration by the state court. After the state court reentered its order removing Edward from the Board, the Trustees filed a supplemental motion to dismiss. In the supplemental motion, the Trustees argued that Edward lacked standing to bring a derivative suit on behalf of the Foundation because Edward had not been a member of the Board since September 3, 2004, when the state court originally entered its removal order. Edward responded that because the initial removal order was invalid, he remained a member of the Board and thus had standing to initiate the derivative action. The Trustees replied that even if the Nebraska Supreme Court's reversal reinstated Edward to the Board, it did not extend Edward's term beyond January 2005, the natural expiration of his last term on the Board, and therefore, Edward lacked standing in January 2007 to initiate the derivative action. Burke also sought dismissal on this standing ground.

The district court[2] granted Hotz Weaver's motion to dismiss. The district court[3] then entered an order stating that the Trustees and Burke had submitted evidence that Edward's term had expired in 2005 and thus Edward lacked the standing to sue on behalf of the Foundation. The court stated that it would construe the motions to dismiss as motions for summary judgment. The court then specified five material facts alleged in the motions to dismiss and ordered Edward to respond to each factual allegation as required by Local Civil Rule 56.1(b)(1) for the District of Nebraska.

---

[1] Colorado River Water Conservation Dist. v. United States, 424 U.S. 800 (1976).

[2] The Honorable Joseph F. Bataillon, Chief Judge, United States District Court for the District of Nebraska.

[3] The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska, to whom the case was transferred following the dismissal of the Hotz, Weaver, Flood, Breitkreutz & Grant law firm.

-4-

The five allegations were:

1. Edward Kountze was elected to the Foundation's Board of Trustees in 2002.
2. Edward Kountze's term of office was for three years.
3. Edward Kountze's term of office expired in 2005.
4. Edward Kountze was not a member of the Foundation's Board of Trustees on January 8, 2007.
5. Edward Kountze is not presently a member of the Foundation's Board of Trustees.

(District Court Docket # 43.)

In response to the district court's order and the motions to dismiss, Edward cited to his complaint wherein he stated he was a trustee of the Foundation. He also stated that he "has been a Trustee continuously since 1992." The district court observed that Edward had failed to "specifically address any of the facts stated in [the] Memorandum and Order." Therefore, the court found the specified facts had not been controverted and thus were admitted. Accordingly, the court held that Edward was not a member of the Board when he filed the suit and he lacked capacity to bring the action. The district court entered summary judgment in favor of the Trustees, dismissing the complaint with prejudice.

The Trustees and Hotz Weaver also sought sanctions against Edward and his attorneys, contending that Hotz Weaver was named as a defendant in an attempt to disqualify the firm from representing the Foundation and the Trustees. The court[4] granted the motion for sanctions, finding that the claims asserted against Hotz Weaver

_____

[4] The Honorable F. A. Gossett, United States Magistrate Judge for the District of Nebraska.

-5-

were not warranted and that Edward's "voluntary" dismissal of Hotz Weaver in light of the motion to dismiss suggested that his actions in naming Hotz Weaver as a defendant were improper. The court granted sanctions in the amount of $9,059, reflecting the amount of money Hotz Weaver claims it expended in attorneys' fees and costs in defending this matter.

On appeal, Edward contends that material facts exist as to his capacity to bring the derivative action and that the district court abused its discretion in imposing sanctions. As to the capacity issue, Edward argues that his term had not expired because no successor had been appointed to replace him. Appellees respond that this argument was not raised before the district court, and thus may not be a basis for reversal. In any event, Burke argues that a successor trustee was appointed and Edward recognized such by naming as defendants "John Does 1-3."[5]

Edward also challenges the imposition of sanctions, arguing that his decision to name Hotz Weaver as a defendant in this action was appropriate and that he voluntarily dismissed Hotz Weaver when the motion to dismiss was filed. Appellees argue that Edward's attorneys are the same as those who represented his father in the prior action and were aware that Hotz Weaver had been dismissed with prejudice. Therefore, Appellees claim that Hotz Weaver incurred unnecessary expenses in defending this frivolous claim and the district court properly imposed sanctions against Edward.

---

[5] The complaint identifies the "John Doe" defendants as those who "supported the control group [or named defendants] to get funds from the Foundation for the personal benefit of the control group." Compl. ¶ 3. The complaint also indicates that the "control group of Defendants also elected and appointed at least one Doe Defendant . . . to the remaining seat on the Board of Trustees." Compl. ¶ 29.

## II.

### A.

We review a grant of summary judgment de novo. Popp Telecom, Inc. v. Am. Sharecom, Inc., 361 F.3d 482, 487 (8th Cir. 2004). "[W]e view the facts in the light most favorable to the non-moving party and apply the same standard as the district court: summary judgment is appropriate where the pleadings, discovery materials, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Hohn v. Spurgeon, 513 F.3d 827, 829 (8th Cir. 2008) (citing Fed. R. Civ. P. 56(c); Tamko Roofing Prods., Inc. v. Smith Eng'g Co., 450 F.3d 822, 829 (8th Cir.2006)).

The district court identified five specific factual statements from the motions to dismiss and ordered Edward to respond to those factual allegations, including that Edward's term had expired prior to his initiating the action. Edward's response failed to refute those allegations, relying instead on a statement made in his complaint and a bare statement made in his affidavit that he remained on the Board because he was reinstated to the Board as a result of the Nebraska Supreme Court's decision. This was insufficient to raise a genuine issue for trial, and the district court was justified in holding that Edward was not a member of the Foundation's Board when he initiated the action. "Once [Appellees] met [their] burden of demonstrating a lack of genuine issues of material fact, [Edward] was required to designate specific facts creating a triable controversy." Jaurequi v. Carter Mfg. Co., Inc., 173 F.3d 1076, 1085 (8th Cir. 1999) (quoting Barge v. Anheuser-Busch, Inc., 87 F.3d 256, 260 (8th Cir. 1996)). Simply referencing the complaint, or alleging that a fact is otherwise, is insufficient to show there is a genuine issue for trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (holding that non-movant may not resist a proper summary judgment motion by referencing pleadings).

Edward now claims on appeal that under Nebraska law he remained on the Board until a replacement was named. See Neb. Rev. Stat. § 21-1972(d) ("Despite the expiration of a director's term, the director continues to serve until the director's successor is elected, designated, or appointed and qualifies, or until there is a decrease in the number of directors."). This issue was never raised before the district court, the record on this claim was not developed below, and we refuse to consider it now. See Snider v. United States, 468 F.3d 500, 512 (8th Cir. 2006) ("As a general rule, we will not consider issues raised for the first time on appeal. We may, however, consider an issue for the first time on appeal when the argument involves a purely legal issue in which no additional evidence or argument would affect the outcome of the case, or where manifest injustice might otherwise result." (internal citation and quotations omitted)).

Because Edward was not a member of the Foundation's Board in January 2007 when this action was filed, he lacked the capacity under Nebraska law to bring the action. Neb. Rev. Stat. § 21-1949(a) ("A proceeding may be brought in the right of a domestic or foreign corporation to procure a judgment in its favor by: (i) Any member or members having five percent or more of the voting power . . . or (ii) any director."); (b) ("In any such proceeding, each complainant shall be a member or director at the time of bringing the proceeding.").

B.

Next, we consider whether the district court abused its discretion in the imposition of sanctions pursuant to Federal Rule of Criminal Procedure 11. See Clark v. United Parcel Serv., Inc., 460 F.3d 1004, 1008 (8th Cir. 2006) (standard of review), cert. denied, 127 S. Ct. 2043 (2007). On February 16, 2007, Hotz Weaver filed a motion to dismiss with prejudice and simultaneously sent opposing counsel a proposed Motion for Sanctions in accordance with Rule 11's 21-day notice requirement. Edward filed a voluntary "Notice of Dismissal" on March 1, 2007,

stating "[t]hese Defendants are dismissed without prejudice to any of Plaintiff's claim [sic] against other parties who remain in the litigation." After that notice was filed, counsel for Hotz Weaver sent a March 7, 2007 letter to Edward's attorney demanding that the voluntary dismissal be with prejudice. Edward's counsel made no response to this letter. At the district court's request, Edward's counsel sent a proposed order clarifying that the dismissal would be with prejudice, however this proposed order was never sent to Hotz Weaver. The district court dismissed the claims against Hotz Weaver with prejudice.

The district court determined that, because in the prior action against Hotz Weaver brought by Denman Kountze, Jr., Hotz Weaver was dismissed with prejudice, Edward's naming of Hotz Weaver in the current action must have been for an improper purpose. Fed. R. Civ. P. 11(b)(1). As a result, the district court sanctioned Edward and his attorneys $9,059, the amount of legal fees Hotz Weaver expended in preparing a defense.

As we have explained, "a district court abuses its discretion by refusing to sanction a plaintiff and his counsel under Rule 11 for filing and maintaining a frivolous lawsuit when the plaintiff seeks to relitigate claims he had been denied leave to serve against the same defendant in an earlier lawsuit." Prof'l Mgmt. Assoc. v. KPMG, LLP, 345 F.3d 1030, 1033 (8th Cir. 2003). In this case, the district court held that Edward's claims against Hotz Weaver were virtually identical to those filed by his father. Further, the attorneys representing Edward are the same attorneys who represented his father, and therefore they are charged with knowledge of the fact that the claims against Hotz Weaver were barred by the prior dismissal. See King v. Hoover Group, Inc., 958 F.2d 219, 223 (8th Cir. 1992) (holding that the district court erred in refusing to impose sanctions against the plaintiff and his attorney where plaintiff's counsel "should have realized" that the action was barred by res judicata). Because rulings on Rule 11 motions for sanctions involve "fact-intensive, close calls," we defer, in this case, to the district court's judgment and superior perspective to

properly consider a motion for sanctions.  <u>Cooter & Gell v. Hartmax Corp.</u>, 496 U.S. 384, 404 (1990) ("Deference to the determination of courts on the front lines of litigation will enhance [appellate] courts' ability to control the litigants before them. Such deference will streamline the litigation process by freeing appellate courts from the duty of reweighing evidence and reconsidering facts already weighed and considered by the district court . . . .").

## III.

Accordingly, we affirm in all respects.

_____