# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-1583

_____

David M. Meyer; Nancy R. Meyer,

*Plaintiffs - Appellants*,

v.

U.S. Bank National Association,

*Defendant - Appellee*.

_____

Appeal from United States District Court
for the District of Nebraska - Omaha

_____

Submitted: December 13, 2012
Filed: May 28, 2013

_____

Before LOKEN, BRIGHT, and COLLOTON, Circuit Judges.

_____

COLLOTON, Circuit Judge.

David and Nancy Meyer sued U.S. Bank National Association after the Bank enforced its rights under a revolving credit agreement on which the Meyers failed to make timely payment. The Meyers claim that the Bank forged a document relating to their creditworthiness, and that this alleged forgery forced the Meyers into default

and damaged their business. The district court[1] granted summary judgment in favor of the Bank, and we affirm.

The Meyers own and operate a pork production business. To finance the business, the Meyers sought credit from the Bank. On June 1, 2003, the Meyers and the Bank entered into a revolving credit agreement that established a borrowing limit of $460,000. The Bank issued a note that was secured by the Meyers' inventory, livestock, equipment, products, and accounts. By its terms, the note matured, and the outstanding interest and principal balance became due, on June 1, 2004.

The parties extended the maturity date four times, and established a maturity date of July 1, 2008, with the final amendment. The parties also increased the credit limit, eventually establishing a maximum loan amount of $2,250,000. As of June 30, 2008, the Meyers owed the Bank a total of $1,689,930, including the balances on three separate term loans. When the note matured on July 1, 2008, however, the Meyers failed to pay the principal and interest due.

As the note became due and the Meyers failed to pay, the parties signed a series of forbearance agreements. Each forbearance agreement contained a clause releasing the Bank "from any and all obligations, indebtedness, liabilities, claims, rights, causes of action or demands whatsoever." In December 2008, the Bank agreed that it would not exercise its rights upon the Meyers' default, and extended the maturity date on the loans until January 2009. In November 2009, the Bank agreed that it would not exercise its default rights until March 2010, and agreed to reduce substantially the interest that the couple owed. In January 2010, the parties amended the second forbearance agreement to require the Meyers to deposit immediately with the Bank all proceeds from any sale of their inventory. The Meyers, however, continued to

---

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

withhold sale proceeds from the Bank through August 2010. The Bank eventually filed a replevin action to obtain the sale proceeds, and the Meyers filed for bankruptcy.

The Meyers then sued the Bank, claiming breach of contract, fraud, violations of the Nebraska Uniform Deceptive Trade Practices Act, and unjust enrichment. They alleged that the Bank's declaration of default on the loan caused them to file bankruptcy and to suffer related economic damages.

The centerpiece of the complaint is an allegation that the Bank forged an acknowledgment by the Meyers in November 2008 that reflected a change in their "Borrowing Base" calculation. The loan agreement provides that the Meyers may borrow the lesser of (1) $460,000, less letters of credit issued by the Bank, or (2) if applicable, the "Borrowing Base." The borrowing base is defined as a percentage of the face amount of certain "eligible accounts," which are not identified in the record, less any specified liabilities. Changes in the borrowing base may affect a debtor's eligibility for credit. The disputed acknowledgment purported to add a new loan of $255,000 to the liabilities included in a "Quarterly Borrowing Base Certificate" that was required in conjunction with the Meyers' operating line of credit. The upshot, according to the complaint, is that the recalculated borrowing base made the Meyers less creditworthy. As a result, the argument goes, the Bank declined to extend the maturity date on their credit line, and forced the Meyers into default.

The district court granted summary judgment for the Bank. The court ruled that the Meyers, by signing the forbearance agreements, released all claims against the Bank, and rejected the contention that these agreements were void because of duress caused by the alleged forgery. More broadly, the court concluded that the alleged forgery was immaterial to the claims, because the Meyers failed to pay the loan by the maturity date, and the Bank was entitled to enforce its rights under the revolving credit agreement.

We agree with the district court that the alleged forgery is immaterial to the Bank's motion for summary judgment. The note matured on July 1, 2008, and the Meyers failed to pay the amounts due. The Bank was under no obligation to extend the maturity date yet again. Whatever the accuracy of the new borrowing base calculation, the Meyers had failed to comply with the revolving credit agreement, and the Bank was entitled to enforce its rights. While the Meyers contend that the forbearance agreements reached thereafter are unenforceable and have no legal effect, the Bank had no obligation to forbear in the first place. If the Meyers could prove that the forbearance agreements are void for duress, then they would simply be left with a default based on their failure to make payments as due by July 1, 2008. The alleged misconduct of the Bank, therefore, did not cause any of the alleged harm, because the Bank was free to enforce its rights regardless of the disputed acknowledgment and recalculated borrowing base.

The judgment of the district court is affirmed.

_____