# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-1560
_____

David M. Meyer and Nancy R. Meyer Trust UTA Dated October 13, 2006

*Plaintiff - Appellant*

v.

U.S. Bank National Association

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of Nebraska - Lincoln

_____

Submitted: February 12, 2015
Filed: July 6, 2015

_____

Before RILEY, Chief Judge, LOKEN and SMITH, Circuit Judges.

_____

LOKEN, Circuit Judge.

In June 2003, David and Nancy Meyer signed a revolving credit note and revolving credit agreement and later signed a series of term notes and term loan agreements to obtain loans from U.S. Bank to finance their swine production business. In October 2006, the Meyers transferred all their business assets to a revocable trust, The David M. Meyer and Nancy R. Meyer Trust (the Trust), naming themselves as Grantors and Trustees. The revolving credit loan went into default on

July 1, 2008. U.S. Bank agreed not to exercise its default rights. The lending relationship continued until the Meyers withheld proceeds from the sale of collateral (hogs); U.S. Bank commenced a replevin action; and the Meyers filed for Chapter 11 bankruptcy protection in August 2010.

In September 2011, the Meyers, individually, sued U.S. Bank in the District of Nebraska, alleging breach of contract, fraud, violations of the Nebraska Uniform Deceptive Trade Practices Act, and unjust enrichment. The district court granted summary judgment dismissing all claims, and we affirmed. Meyer v. U.S. Bank Nat'l Ass'n, 715 F.3d 703 (8th Cir. 2013) (Meyer I). The Trust then commenced this action in state court, alleging that U.S. Bank tortiously interfered with the Trust's contractual relations with a feed supplier. U.S. Bank removed the action, promptly filed a motion for summary judgment, and later sought Rule 11 sanctions. The district court[1] granted summary judgment and imposed a $5,000 sanction against the Trust and its attorneys. The Trust appealed. U.S. Bank moved for additional sanctions under Rule 38 of the Federal Rules of Appellate Procedure, arguing the appeal is frivolous. We affirm the district court's rulings. We conclude the appeal was not frivolous but was frivolously argued. We deny an award of attorneys' fees but grant double costs as a Rule 38 sanction.

## I. The Merits

In Meyer I, the Meyers' claims centered on their allegation that U.S. Bank forged their signatures on a document acknowledging a change in the loan agreement terms, which made them appear less creditworthy, forcing the loan into default. To obtain credit extensions, the Meyers were then coerced into signing forbearance agreements releasing U.S. Bank from liability for the forgery. Ultimately, U.S. Bank

---

[1]The Honorable Laurie Smith Camp, Chief Judge, United States District Court for the District of Nebraska.

refused to extend the maturity date again, forcing the Meyers into bankruptcy. Their damage claims included "a loss of performance by the Meyer herd as a result of feed deprivation used by U.S. Bank in further leverage against the Meyers to comply with all demands made by U.S. Bank." We affirmed the grant of summary judgment dismissing these claims because, when the Meyers failed to pay the amount due on their loan when it matured, U.S. Bank "was under no obligation to extend the maturity date yet again. Whatever the accuracy of [U.S. Bank's creditworthiness calculation], the Meyers had failed to comply with the revolving credit agreement, and the Bank was entitled to enforce its rights." 715 F.3d at 705.

In this action, the Trust alleged that it is "the independent entity solely responsible for running" the Meyers' swine business. When the loan matured by reason of the forged debt-acknowledgment, U.S. Bank used "feed deprivation tactics" -- refusing to wire money to the Trust's feed supplier -- to force the Meyers to sign forbearance agreements, conduct that tortiously interfered with the Trust's relationship with the feed supplier. U.S. Bank moved for summary judgment, arguing the Trust's claims were barred by judicial estoppel and res judicata and submitting extensive documentation from Meyer I and the Meyers' bankruptcy proceedings. The district court granted summary judgment, concluding that the determinations in Meyer I "that the Meyers defaulted on their revolving credit agreement with the Bank; the Bank was under no obligation to forbear; and the Bank was free to enforce its rights . . . are *res judicata*" in this action. Consequently, the complaint "fails to state a claim [of tortious interference] upon which relief can be granted, because it describes no 'unjustified intentional act of interference' on the part of the Bank."[2]

---

[2]Under Nebraska law, the elements of a claim for tortious interference with a business relationship or expectancy include proof of "an unjustified intentional act of interference on the part of the interferer." Steinhausen v. HomeServs. of Neb., Inc., 857 N.W.2d 816, 831 (Neb. 2015).

On appeal, the Trust does not challenge the district court's decision on the merits.  Rather, seizing on the court's statement that the complaint failed to state a claim upon which relief can be granted, the Trust argues the court erred procedurally by going beyond the Trust's well-pleaded claim of tortious interference in granting U.S. Bank a Rule 12(b)(6) dismissal.  Though the procedural principle is sound, the contention in this case is not merely without merit, it is frivolous.  U.S. Bank explicitly moved for summary judgment and submitted supporting documents that the court considered without objection.  The district court's Memorandum and Order stated that it was granting summary judgment and identified the documents from Meyer I and the Meyers' bankruptcy proceedings on which the court was relying.  When the Trust moved for reconsideration, arguing the court had failed to construe the complaint liberally and accept all allegations as true, the district court denied the motion in a second Memorandum and Order, explaining that its "grant of summary judgment in favor of the Bank was governed by Fed. R. Civ. P. 56 because the Court considered matters outside the pleadings, and all parties were given an opportunity to present material pertinent to the motion."  There was no procedural error.  The court's grant of summary judgment is affirmed.

## II.  The Rule 11 Sanction

The district court granted U.S. Bank's motion for sanctions, concluding the Trust's tortious interference claim violated Rule 11(b)(2)  and (3) of the Federal Rules of Civil Procedure.  The claim was frivolous and vexatious because, while brought in the name of the Trust, under Nebraska law "a trust is not a legal personality" and the trustees -- here, the Meyers, the unsuccessful plaintiffs in Meyer I -- were "the proper person[s] to sue or be sued on behalf of such trust." Back Acres Pure Trust v. Fahnlander, 443 N.W.2d 604, 605 (Neb. 1989).  The court imposed a $5,000 sanction against the Trust and its attorneys, jointly and severally.

On appeal, the Trust argues that its claim was not frivolous. Because trusts have been allowed to appear as separate entities in other Nebraska and Eighth Circuit cases, the claim was based upon a reasonable extension of existing law and was not "so baseless as to warrant Rule 11 sanctions." Exec. Air Taxi Corp. v. City of Bismarck, 518 F.3d 562, 571 (8th Cir. 2008). In addition, the Trust asserts, U.S. Bank waived any objection to the claim being brought in the name of the Trust by removing the action and seeking a disposition on the merits. U.S. Bank replies that a sanction was properly imposed because the two actions arose out of the same nucleus of operative facts, the Meyers pursued the claims individually in Meyer I, the Meyers as trustees and grantors of the revocable Trust controlled the Trust's ability to assert its claim in either action, and therefore the Trust and its attorneys "had to know" that this action was barred by Meyer I.

"We review the district court's imposition of sanctions for abuse of discretion," giving "substantial deference to the district court's determination as to whether sanctions are warranted because of its familiarity with the case and counsel involved." Willhite v. Collins, 459 F.3d 866, 869 (8th Cir. 2006); see Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990). We have repeatedly approved sanctions in cases where plaintiffs attempted to evade the clear preclusive effect of earlier judgments. See Willhite, 459 F.3d at 869; Prof'l Mgmt. Assocs., Inc. v. KPMG LLP, 345 F.3d 1030, 1032-33 (8th Cir. 2003); Landscape Props., Inc. v. Whisenhunt, 127 F.3d 678, 682-84 (8th Cir. 1997); King v. Hoover Group, Inc., 958 F.2d 219, 223 (8th Cir. 1992). In this case, the Meyers repackaged their prior unsuccessful lawsuit under a different cause of action, using their revocable Trust as plaintiff and filing the action in state court. The contention that the Trust was the owner and operator of the Meyers' swine production business was contradicted by filings in Meyer I and in the Meyers' bankruptcy proceeding. Other evidence in the record confirmed that *they* operated the business and dealt personally with its lender and vendors. The circumstances, though unusual, are not unlike those in Kountze ex rel. Hitchcock Found. v. Gaines, 536 F.3d 813, 819 (8th Cir. 2008), where we

affirmed the imposition of sanctions when a son asserted virtually identical claims as those unsuccessfully asserted by his father, a co-trustee. We conclude that the district court did not abuse its discretion in imposing a monetary sanction that was significantly less than the attorneys' fees and expenses incurred by U.S. Bank in defending the suit. See Fed. R. Civ. P. 11(c)(4).

In its Reply Brief, the Trust argued for the first time that the district court was without power to impose a Rule 11 sanction for the filing of a frivolous complaint in state court. Consistent with their pattern of misrepresenting facts and law to this court, the Trust's attorneys failed to disclose that all the cases they cited in support of this contention predated a 1993 amendment to Rule 11(b) clarifying that sanctions may be imposed for "later advocating" a state court complaint after the case is removed. See Buster v. Greisen, 104 F.3d 1186, 1190 n.4 (9th Cir. 1997). By saving this argument until their Reply Brief, counsel gave U.S. Bank no opportunity to help the court by pointing out the crucial Rule 11 amendment. Because counsel's deception is relevant to the question whether to impose a Rule 38 sanction, we reject the untimely contention as meritless, rather than declining to consider it.

## IV. Appellate Sanctions

On appeal, U.S. Bank moved for imposition of sanctions, seeking an award of its full attorneys' fees on appeal and double costs. U.S. Bank argued that the "purported issues asserted by [the Trust] are based upon outright misstatements of the district court's orders." The Trust's attorneys responded, arguing the appeal raised "serious and substantial issues and questions about whether the District Court had erred in determining the invalidity of [the Trust's] state court claim of tortious interference." Rule 38 of the Federal Rules of Appellate Procedure provides that a court of appeals may "award just damages and single or double costs to the appellee" if it determines an appeal is frivolous.

The Motion for Sanctions is flawed for an obvious reason not addressed by either party -- the Trust's appeal of the district court's sanctions order, though unsuccessful, was not frivolous. Discretionary orders imposing sanctions on a party or its attorneys are often appealed and are given careful review by this court. For example, in Kountze, we observed that "Rule 11 motions for sanctions involve fact-intensive, close calls." 536 F.3d at 819 (quotation omitted). Kountze was the only case U.S. Bank cited in its appeal brief in which we upheld a relitigation sanction imposed upon a different party. In the district court, U.S. Bank filed a motion for sanctions, which the court granted. By asking the district court to impose a discretionary remedy beyond dismissal of the Trust's claim, U.S. Bank ensured it would need to incur attorneys' fees defending an appeal. The motion for a Rule 38 award of fees is denied.

On the other hand, U.S. Bank's Motion for Sanctions accurately described the Trust's appellate attack on the district court's grant of summary judgment dismissing the claim of tortious interference. As we have noted, the Trust did not argue the merits on appeal. Instead, it argued the district court procedurally erred in granting a Rule 12(b)(6) dismissal. U.S. Bank correctly responded that the district court stated clearly in its initial order that it was granting *summary judgment*, and then reaffirmed in its denial of reconsideration that the "Court's grant of summary judgment in favor of the Bank was governed by Fed. R. Civ. P. 56." Nonetheless, in its Reply Brief and at oral argument, the Trust persisted in frivolously misrepresenting the district court's rulings. In addition, a new contention in the Trust's Reply Brief flagrantly misrepresented governing law. Thus, though not "frivolous as filed," the Trust's appeal falls within the distressing category of "frivolous as argued."[3] "Frivolousness is determined . . . not in the abstract but in relation to the arguments actually made by

---

[3]"An appeal is . . . 'frivolous as argued' when an appellant has not dealt fairly with the court, has significantly misrepresented the law or facts, or has abused the judicial process by repeatedly litigating the same issue in the same court." Abbs v. Principi, 237 F.3d 1342, 1345 (Fed. Cir. 2001) (quotation omitted).

the appellant." Anderson v. Steers, Sullivan, McNamar & Rogers, 998 F.2d 495, 496 (7th Cir. 1993).

Rule 38 sanctions may be imposed for appeals that are "frivolous as argued." The difficult question is whether to impose a sanction in this case. U.S. Bank does not deserve even a partial grant of its attorneys' fees on appeal; most of its brief unnecessarily reargued the merits of the district court's ruling when the Trust raised only a frivolous procedural issue on appeal. However, an appeal that is frivolous as argued "imposes costs not only upon the party forced to defend it, but also upon the public whose taxes supporting this court and its staff are wasted on frivolous appeals." Abbs, 237 F.3d at 1346 (quotation omitted). In these circumstances, we conclude that an award of double costs on appeal is an appropriate Rule 38 sanction.

The judgment of the district court is affirmed, with double costs awarded to appellee U.S. Bank.

_____